**TOWN & COUNTRY RACQUET
CLUB, Plaintiff–Appellant,**

v.

**STATE TAX COMMISSION OF
MISSOURI, et al., Defendants–
Respondents.**

**No. 59288.**

Missouri Court of Appeals,
Eastern District,
Division Four.

May 14, 1991.

Rehearing Denied June 12, 1991.

**404**

Jerome Wallach, Michael F. Dandino, The Wallach Law Firm, St. Louis, for plaintiff-appellant.

Dennis C. Affolter, Associate County Counselor, Clayton, Frank May, State Tax Com'n, Jefferson City, for defendants-respondents.

SMITH, Presiding Judge.

Taxpayer appeals from the order of the trial court affirming the order of the State Tax Commission approving the assessed valuation placed on taxpayer's real property by the Assessor of St. Louis County. We affirm.

Taxpayer appealed its 1987 real estate tax assessment contending it was not uniform with other properties in the commercial subclass thereby violating the Missouri and United States Constitutions. Mo. Const. Art. X, Sec. 3; U.S. Const.Amend. XIV. The assessment made was at 32% of the true value in money of the property. The true value was stipulated to by the taxpayer and the County and that stipulation was accepted by the Commission. Thirty-two percent is the percent established by statute. It is taxpayer's contention that the 32% is higher than the average level of assessment of this subclass of property within the county.

To support this contention taxpayer utilized a ratio study based upon allegedly representative sales of commercial property within the county. This study indicated that average assessment of commercial property within the county was 24.88% of true value. The county relied upon a ratio study of the county prepared by the Commission as part of a state-wide study of equalized assessed valuation pursuant to Sec. 163.011(5) R.S.Mo.1986. That study was based upon appraised valuation of allegedly representative commercial property within the county. That study indicated average assessed valuation of commercial property within the county at 30.64% of true value.

The Commission, following an extensive factual hearing, found its survey to be valid and accurate. It found the survey of the taxpayer to be flawed, non-representative, and non-persuasive. It further found that the difference between the average assessed valuation in the Commission study and the 32% assessment rate was *de minimus*. The Commission set out at length, in its decision, its reasons for its findings in regard to the accuracy of its survey and the non-persuasiveness of taxpayer's survey. Taxpayer challenges all three basic findings.

The utilization of ratio surveys by the Commission in determining average level of assessments and discrimination in individual cases was approved in *Savage v. State Tax Commission*, 722 S.W.2d 72 (Mo. banc 1986) [2]. The Commission is the judge of the credibility of the witnesses and the weight of the evidence. *Id.* [3]; *Industrial Development Authority of Kansas City v. State Tax Commission of Missouri*, 804 S.W.2d 387 (Mo.App.1991).

■ Our review of the record convinces us that there was substantial and competent evidence to support the Commission's findings that the taxpayer's study was flawed and non-persuasive. We need not review the remaining contentions. It is the burden of the taxpayer to establish intentional discrimination or an assessment so grossly excessive as to be entirely inconsistent with an honest exercise of judgment. *Savage, supra,* l.c. 78. Courts and the Commission refrain from correcting assessments which reflect no more than *de minimus* errors of judgment on the part of the assessors. *Id.* l.c. 79.

There is a presumption that assessments are correct. *Cupples Hesse Corp. v. State Tax Commission,* 329 S.W.2d 696 (Mo.1959) [3–6]. Once evidence of unlawful discrimination is introduced, however, the presumption in favor of the assessor ceases to exist. *Savage, supra,* [4]. But that evidence must be competent and persuasive to cause the presumption shift. In the absence of such evidence the presumption remains in place. Here the evidence of taxpayers was found not to be competent or persuasive. No shift of the presumption occurred and the presumption above supports the decision of the Commission.

Judgment affirmed.

SATZ and CARL R. GAERTNER, JJ., concur.